IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ESHED ALSTON, | § | |
| | § | No. 497, 2018 |
| Plaintiff Below, Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| FRED J. MAAHS SR., et al. | § | C.A. No. K17C-02-004 |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted: February 22, 2019
Decided: March 14, 2019

Before **STRINE**, Chief Justice; **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief and the record on appeal, it appears to the Court that:

(1) The *pro se* appellant, EShed Alston, appeals from an order of the Superior Court dated September 18, 2018, dismissing the complaint for failure to prosecute. After careful consideration of Alston's brief and the record on appeal, we find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2) The Superior Court record reflects that in February 2017, Alston filed a complaint in the Superior Court against Fred Maahs and several businesses. The complaint sought damages for alleged fraud, theft by deception, and breach of contract in connection with certain construction services that the defendants

provided or failed to provide to Alston. The Kent County Sheriff filed a return of service on February 7, 2017, indicating that the Sheriff had personally served Maahs that day. Maahs never answered the complaint or otherwise appeared in the action. Over the next eighteen months, Alston filed several documents with the Superior Court, the purpose of which is unclear. For example, certain documents filed during this period seem to accuse the Superior Court of preventing service of the complaint on Maahs, but the record reflects that Maahs was served in February 2017. And in a document filed on February 21, 2017, Alston requested a hearing "regarding the documents filed by both parties between December 4 and 28 2015." But there were not, and could not have been, any documents filed in the case against Maahs in December 2015, since the action was not filed until February 2017 and related to conduct that allegedly occurred in or around January 2017.

(3) On August 10, 2018, the Superior Court sent Alston a letter under Superior Court Rule 41(e), notifying Alston that the case had been pending for more than six months and that if no proceedings were taken within the next thirty days, the action would be dismissed for lack of prosecution. On August 16, 2018, Alston filed a document that accused the Superior Court and its personnel of refusing to accept filings and delaying the proceedings and sought an "immediate hearing" regarding those assertions. A few days later, Alston filed another document, again making similar assertions against the Superior Court and its personnel.

2

(4)     On September 18, 2018, the Superior Court entered an order dismissing the action with prejudice for failure to prosecute, because "the Plaintiff in this matter has not filed a status report or otherwise taken action to prosecute the matter" and "the only filings by Plaintiff after issuance of a Superior Court Civil Rule 41(e) notice on August 10, 2018 were documents bearing no relation to the instant matters." On appeal, Alston contends that the Superior Court erroneously dismissed the case because his August 2018 filings show that he had taken action to prosecute the matter, and he asserts that the Superior Court had "exclusive power and control to prosecute" the case.

(5)     The duty to diligently prosecute a case falls upon the plaintiff, not the court. The Superior Court has discretion, stemming from its inherent power "to manage its own affairs and to achieve the orderly and expeditious disposition of its business," to dismiss an action for failure to prosecute.[1] "Although *pro se* litigants are afforded some leniency in presenting their cases, '[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff.'"[2] Alston's August 2018 filings may have reflected his desire to pursue his claims against the defendants and his frustration with the litigation process, but they did not

---

[1] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001).
[2] *Damiani v. Gill*, 2015 WL 4351507 (Del. July 14, 2015) (quoting *Draper*, 767 A.2d at 798) (alteration in original).

3

indicate that Alston had done anything to move the case forward. Nor did they seek any specific action by the Superior Court relating to Alston's claims against Maahs and the other defendants. Indeed, the record does not indicate that Alston took any discovery from the defendants, filed a motion to compel discovery, or reported to the Superior Court regarding the status of any discovery or other efforts he had made to pursue his claims. Importantly, Alston also did not seek a default judgment against Maahs, who was served just a few days after Alston filed his complaint, and who never answered the complaint or appeared in the action.[3] In the circumstances of this case, we conclude that the Superior Court did not abuse its discretion by dismissing the action for failure to prosecute.

(6) Alston also argues that the Superior Court erroneously rejected filings that he attempted to make on September 20, 2018, after the Superior Court dismissed the case. The exhibits to the appellant's opening brief suggest that Alston attempted to file a "notice of appeal" on that date. Assuming, without deciding, that Superior Court personnel incorrectly rejected that filing, we find that any error was harmless, because Alston timely filed his notice of appeal in this Court on September 26, 2018.

---

[3] *See* SUPER. CT. CIVIL R. 55 (setting forth the procedures governing default judgments).

4

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice